KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5528 / (619) 235-2757 (Fax)
Email: peter.mazza@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGIO IVAN<br>GARCIA-ORELLANA (T/N),<br>    aka Sergio Herrera,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 07CR2974-BEN<br><br>Date:        December 3, 2007<br>Time:        2:00 a.m.<br><br>GOVERNMENT'S RESPONSE AND<br>OPPOSITION TO DEFENDANT'S<br>MOTION TO:<br><br><br>(1)  DISMISS INDICTMENT;<br>(2)  STRIKE SURPLUSAGE;<br>(3)  PRODUCE GRAND JURY<br>     TRANSCRIPTS;<br>(4)  SUPPRESS STATEMENTS;<br>(5)  TO COMPEL DISCOVERY AND<br>     PRESERVE EVIDENCE; AND<br>(6)  LEAVE TO FILE FURTHER<br>     MOTIONS<br><br><br>TOGETHER WITH MEMORANDUM OF<br>POINTS AND AUTHORITIES. |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

Karen P. Hewitt, United States Attorney, and Peter J. Mazza, Assistant U.S. Attorney, and hereby

files its Response and Opposition to the motions filed on behalf of the above-captioned defendant.

07CR2974-BEN

This Response and Opposition is based upon the files and records of this case.

## I

### INDICTMENT

On October 29, 2007, a federal grand jury in the Southern District of California returned a one-count indictment charging Sergio Ivan Garcia-Orellana, aka Sergio Herrera ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to June 19, 2007. Defendant was arraigned on the indictment on October 31, 2007. Defendant pled not guilty.

## II

### STATEMENT OF FACTS

On August 27, 2007, United States Senior Border Patrol Agents David M. Carr and Roberto Garcia were conducting line watch duties approximately 200 yards west of the Tecate, California Port of Entry near the United States/Mexico international boundary. There is a border fence in this area. At approximately 7:37 a.m., the agents observed approximately 10 individuals climb over the international boundary fence from Mexico into the United States. As the agents approached the group, the 10 individuals ran south toward Mexico. The agents were able to apprehend an individual later identified as Defendant and one other individual.

The agents questioned both individuals separately regarding their citizenship and immigration status. Defendant admitted that he was a citizen and native of Mexico with no legal documents to enter or remain in the United States legally. Both individuals were transported to the State Route 94 checkpoint for processing.

At the station, Defendant's fingerprints were entered into immigration and criminal history databases. At approximately 9:27 a.m., Senior Patrol Agent Juan Torres informed Defendant of his Miranda rights. Defendant invoked his constitutional right to have counsel present, and no further questions were asked.

07CR2974-BEN

2

### III

### POINTS AND AUTHORITIES

**A.    DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT SHOULD BE DENIED**

**1.    The Indictment Properly Alleges All Necessary Elements of the Charged Offense**

Relying on the Ninth Circuit's recent decision in United States v. Salazar-Lopez, No. 06-50438, 2007 WL 3085906 (9th Cir. Oct. 24, 2007), Defendant argues that the indictment must be dismissed because "the indictment does not allege either that [Defendant's] removal occurred subsequent to a conviction or allege a specific date of the prior removal." [Def.'s Mot. 2.]  Not only is Defendant mistaken, but Salazar-Lopez approves of the language that is found in the indictment against this Defendant.  Specifically, the Ninth Circuit stated that "the date of the removal, or at least the fact that [Defendant] had been removed *after* his conviction, should have been alleged in the indictment and proved to the jury."  Salazar-Lopez, 2007 WL 3085906 at *2 (emphasis added).  The indictment addressed by the Ninth Circuit in Salazar-Lopez did not have the requisite language, and therefore the Court performed a harmless error analysis. Id. at *3-6.  Here, however, the indictment expressly states: "It is further alleged that defendant SERGIO IVAN GARCIA-ORELLANA (T/N), aka Sergio Herrera, was removed from the United States subsequent to June 19, 2007."  Because this kind of language is required by the Ninth Circuit, Defendant's motion must be denied.[1]

Defendant also claims that the indictment fails to allege the proper elements of the crime charged. (Def.'s Mot. 2.)  This argument fails for two reasons.  First, Defendant does not discuss the applicable elements in this case, those necessary to prove an attempted re-entry after deportation.  Second, the indictment does, in fact, allege the necessary elements to support such a charge.  The Ninth Circuit Model Jury Instructions state the following elements must be proved in an attempted entry after deportation case:

(1)    The defendant was deported from the United States;

---

[1] Oddly, Defendant later argues that this very language is surplusage that must be struck from the indictment. (Def.'s Mot. 5-7.)  The Government fails to understand the diametrically inconsistent legal positions taken by Defendant.

07CR2974-BEN

3

1   (2)  The defendant had the conscious desire to reenter the United States without consent;

2   (3)  The defendant committed an overt act that was a substantial step towards reentering the United States without consent;

3

4   (4)  The defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

5

6   (5)  The defendant was an alien at the time of the defendant's attempted reentry into the United States.

7 Committee on Model Jury Instructions – Ninth Circuit, Manual of Model Jury Instructions for the Ninth

8 Circuit, § 9.5A (West ed. 2003); United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1196 (9th Cir.

9 2000) (en banc).  The indictment in this case alleges:

10    On or about August 27, 2007, within the Southern District of California, defendant
SERGIO IVAN GARCIA-ORELLANA (T/N), aka Sergio Herrera, an alien, knowingly

11 and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the Untied States without the express consent of the Attorney

12 General of the United States or his designated successor, the Secretary of the Department of Homeland Security, after having been previously excluded, deported and removed from

13 the United States to Mexico, and not having obtained said express consent to reapply for admission thereto; and committed an overt act to wit, crossing the border from Mexico

14 into the United States, that was a substantial step toward committing the offense all in violation of Title 8, United States Code, Sections 1326(a) and (b).

15

16    It is further alleged that defendant SERGIO IVAN GARCIA-ORELLANA (T/N),
aka Sergio Herrera, was removed from the United States subsequent to June 19, 2007.

17 As evidenced above, the indictment alleges the necessary elements for the crime charged, attempted

18 entry after deportation.

19   **2.**  **The Indictment Does Not Violate Defendant's Right to Presentment**

20   Defendant's second argument is that the indictment violates his rights under the Fifth

21 Amendment's Presentment Clause.  Defendant claims that: (1) there is no indication that the grand jury

22 "was charged with the legal meaning of the word 'removal' . . . as opposed to being simply removed

23 from the United States in a colloquial sense"; and (2) that the Government "may at trial rely on a

24 deportation that was never presented to, or considered by, the grand jury."  (Def. Supp. Mot. at 3-4).

25   The Court should deny Defendant's motion to dismiss the indictment based on his speculation

26 regarding the adequacy of the instructions to the grand jury regarding legal terms such as "removal" or

27 "deportation."  The U.S. Supreme Court has held that the Fifth Amendment right not to be tried for a

28                    07CR2974-BEN

4

1   crime not presented to a grand jury is triggered by "only a defect so fundamental that it causes the grand

2   jury no longer to be a grand jury, or the indictment no longer to be an indictment." Midland Asphalt

3   Corp. v. United States, 489 U.S. 794, 802 (1989). If a grand jury should ever return a true bill when

4   there is insufficient evidence, the greatest safeguard is the petit jury and the rules governing its

5   determination of guilty. See United States v. Sears, Roebuck & Co., 719 F.2d 1386, 1392 (9th Cir.

6   1983).

7           In the past, the Ninth Circuit has *assumed* that certain grand juries were erroneously instructed

8   yet still refused to dismiss the indictments that they returned. In United States v. Kenny, 645 F.2d 1323

9   (9th Cir. 1981), the Court rejected the defendant's request to dismiss the indictment on the basis of his

10  allegation that the grand jury returned a true bill without any instruction on the applicable law. The

11  Court stated that it was "not persuaded that the Constitution imposes the additional requirement that

12  grand jurors receive legal instructions" and warned that "the giving of such instructions portends

13  protracted review of their adequacy and correctness." Id. at 1347.

14          Here, Defendant seeks to accomplish precisely what Kenny feared. Namely, he wishes for this

15  Court to review the adequacy and correctness of any instruction to the grand jury. The Court cannot

16  do so. This is particularly true considering that even if there was evidence—rather than merely

17  Defendant's speculation—that the grand jury was not instructed on an element of the offense, this would

18  not be sufficient grounds to compel the dismissal of the indictment. See United States v. Larrazolo, 869

19  F.2d 1354, 1359 (9th Cir. 1989), overruled on other grounds by Midland Asphalt, 489 U.S. at 799-800.

20  Defendant does not and cannot credibly allege that the Government attempted to mislead the grand jury.

21  Furthermore, there is no basis to suppose that the grand jury was impaired in its ability to independently

22  evaluate the evidence. Because Defendant has nothing but pure speculation to support his motion to

23  dismiss, it should be denied.

24          Likewise, the Court should reject Defendant's argument that the indictment should be dismissed

25  due to his speculation that the Government might offer evidence at trial of a removal that might differ

26  from a removal presented to the grand jury. Any argument that the indictment should be dismissed on

27  this basis is undermined by the fact that the United States often presents evidence in § 1326 prosecutions

28                                                                                          07CR2974-BEN

1  of multiple deportations.  See United States v. Martinez-Rodriguez, 472 F.3d 1087, 1091 (9th Cir. 2007)

2  (stating that "the government was entitled to introduce evidence of both deportations to hedge the risk

3  that the jury may reject the offered proof of one deportation, but not the other").  Such a longstanding

4  practice, blessed by the Ninth Circuit, can mean only one thing:  the Government is not limited to

5  proving one deportation, much less any particular deportation that was presented to the grand jury.

6      More importantly, the remedy for the alleged problem is not to dismiss the indictment.  An

7  accused's *only* cognizable interest in grand jury proceedings—and thus the *only* interest that courts can

8  vindicate by dismissing an indictment on constitutional grounds—is the right to have a legally

9  constituted grand jury make an informed and independent evaluation of the evidence to determine if

10  there is probable cause to believe the defendant committed a crime.  United States v. Sears, Roebuck

11  & Co., 719 F.2d 1386, 1392 n.7 (9th Cir. 1983) (citing United States v. Wright, 667 F.2d 793, 796 (9th

12  Cir. 1982)).  The defendant must show that the prosecutor's conduct was "so flagrant" that it deceived

13  the grand jury in a significant way, thereby infringing on its ability to exercise independent judgment.

14  See Wright, 667 F.2d at 796.  Furthermore, from the face of the indictment, the grand jury found

15  probable cause to believe that Defendant was removed from the United States subsequent to June 19,

16  2007.  Such a finding is sufficient to satisfy the requirements of United States v. Covian-Sandoval, 462

17  F.3d 1070 (9th Cir. 2006),[2] and must necessarily suffice to satisfy the Presentment Clause.[3]

18      **3.    Defendant Has Not Demonstrated that the Grand Jury was Misinstructed**

19      Defendant was indicted by the January 2007 grand jury. Without providing any specific

20  arguments, Defendant claims that the grand jury was misinstructed in two distinct ways by Judge Burns

21  who gave them their initial instructions: (1) that their singular duty was to make a probable cause

22

23      [2] In United States v. Diaz-Luevano, 494 F.3d 1159, 1162 (9th Cir. 2007), the Ninth Circuit

24  determined that the § 1326 statute "plainly turns on the alien's *physical* removal – not the *order* of
removal."  (Emphasis in original.)

25

26      [3] The Ninth Circuit stated in United States v. Lopez, 469 F.3d 1241 (9th Cir. 2006), that its
opinion in United States v. Castillo-Rivera, 244 F.3d 1020, 1025 (9th Cir. 2001), "foreclosed" the

27  argument that "Apprendi requires that the temporal sequence of conviction and removal—as distinct
from the fact of conviction itself—be proved to a jury beyond a reasonable doubt."

28                                                                        07CR2974-BEN

1  determination and that they therefore had no ability to decline to indict even though the probable cause

2  standard was satisfied; and (2) that prosecutors presenting cases had a duty to present exculpatory

3  evidence. (Def.'s Mot. 5.)

4      The Ninth Circuit in United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 2005) (en banc)

5  generally found two grand jury instructions that were similar to those at issue here to be constitutional.

6  Even assuming some error, both the Supreme Court and the Ninth Circuit have specifically discouraged

7  courts from utilizing their supervisory powers to review grand jury procedures. See, e.g., United States

8  v. Williams, 504 U.S. 36, 50 (1992) ("Given the grand jury's operational separateness from its

9  constituting court, it should come as no surprise that we have been reluctant to invoke the judicial

10 supervisory power as a basis for prescribing modes of grand jury procedure"); United States v. Isgro,

11 974 F.2d 1091 (9th Cir. 1992).

12      As this Court is aware, Federal Defenders of San Diego, Inc. has filed this same motion in almost

13 every case indicted by the January 2007 grand jury. In United States v. Martinez-Covarrubias,

14 07CR0491-BTM, Judge Moskowitz recently issued a written opinion denying this same motion to

15 dismiss the indictment. (See Govt.'s Exh. A attached hereto.) Judge Moskowitz found that the

16 instructions given by Judge Burns regarding the role of the grand jury were not erroneous. Id. at 5-10.

17      As there was nothing legally deficient with the instructions given to the January 2007 grand jury

18 panel, Defendant's motion to dismiss the indictment on this ground should be denied. Additionally, as

19 Defendant has only made the most superficial of arguments challenging the grand jury instructions, the

20 Government requests the right to provide more extensive briefing if the Court so desires.

21 **B.    DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT
           SHOULD BE DENIED**

22

23      Defendant's next argument, essentially, is that any portion of the indictment that does not strictly

24 recite what he believes are the elements of § 1326 should be stricken as surplusage. Although at direct

25 odds with his motion to dismiss for failure to allege all necessary elements of the offense charge, he asks

26 this Court to strike the Government's allegation that he was removed subsequent to June 19, 2007. The

27 Court should deny Defendant's request.

28                                                                    07CR2974-BEN

7

"The purpose of a motion to strike under Fed.R.Crim.P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.'" United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988) (quoting United States v. Ramirez, 710 F.2d 535, 544-55 (7th Cir. 1983)).  However, even if facts contained in an indictments allegations are prejudicial, they should not be stricken if they are material and relevant to the charges.  Id.

The date of Defendant's removal is material and relevant to the charge under § 1326.  Although the Government need not take the position that Covian-Sandoval engrafted a new element onto § 1326, the date of Defendant's deportation in relation to his prior conviction is relevant for sentencing purposes under § 1326(b).   As such, the fact that Defendant was deported after June 19, 2007 (the date of his prior conviction for a violation of 8 U.S.C. § 1326), can be construed as the "functional equivalent" of an element under § 1326.  See United States v. Minore, 292 F.3d 1109, 1116-17 (9th Cir. 2002); United States v. Buckland, 289 F.3d 558, 564-68 (9th Cir. 2002) (en banc).  Therefore, this date should be submitted to the jury.[4]  See Buckland, 289 F.3d at 568 (holding that material facts increasing sentence should be submitted to jury).  Nor is the allegation prejudicial nor inflammatory.  As such, Defendant's request to strike the allegation should be denied.

## C.   DEFENDANT'S MOTION TO PRODUCE GRAND JURY TRANSCRIPTS SHOULD BE DENIED

Defendant seeks production of the grand jury transcripts yet fails to support his motion with a showing of the requisite need to invade the sanctity of the grand jury's deliberations.  As such, his motion should be denied.

The need for grand jury secrecy remains paramount unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy.  United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985).  The grand

---

[4]  Of course, as recognized by Defendant, this does not imply that United States v. Almendarez-Torres, 523 U.S. 224 (1998), has been overruled.  At minimum, the fact of Defendant's prior conviction will still be entrusted to the Court's determination.

07CR2974-BEN

8

1     jury may indict someone based on inadmissible evidence or evidence obtained in violation of the rights

2     of the accused.[5]  Tracing the history of the grand jury from English common law, the U.S. Supreme

3     Court has observed that grand jurors were not hampered by technical or evidentiary laws, and

4     traditionally could return indictments based not on evidence presented to them at all, but on their own

5     knowledge of the facts.  See Costello, 350 U.S. at 363.  In light of this tradition, the Court held that

6     "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence

7     upon which grand juries must act," and that grand jury indictments could not be challenged based on

8     the insufficiency or incompetence of the evidence.  Id.  Rather, "[a]n indictment returned by a legally

9     constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face,

10    is enough to call for trial of the charge on the merits."  Id. at 409.  In this case, there is no extraordinary

11    basis to support Defendant's request for grand jury transcripts.

12    **D.**      **DEFENDANT'S  MOTION TO SUPPRESS SHOULD BE DENIED**

13        Defendant moves this Court to suppress statements he made to agents on the day of his arrest

14    and to hold an evidentiary hearing to determine if statements made by Defendant were the result of a

15    knowing, intelligent, and voluntary waiver of his Miranda rights.  Because statements Defendant made

16    to Agent Carr in the area near the United States/Mexico boundary fence were not the result of a

17    custodial interrogation, the motion should be denied as to those statements.

18        With regard to Defendant's post-arrest statements, after being advised of his rights under

19    Miranda, Defendant invoked his right to the assistance of counsel.  No questions were posed to

20    Defendant and no statements were made by Defendant after the invocation.  Therefore, this issue is moot

21

22    _____

23        [5]  See, e.g., United States v. Mandujano, 425 U.S. 564 (1976) (indictment brought based on
evidence obtained in violation of defendant's right against self-incrimination); United States v.

24    Calandra, 414 U.S. 338, 343 (1974); United States v. Blue, 384 U.S. 251 (1966) (indictment brought
based on evidence obtained in violation of defendant's right against self-incrimination); Lawn v.

25    United States, 355 U.S. 339 (1958); Costello v. United States, 350 U.S. 359, 363 (1956) ("neither
the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon

26    which grand juries must act"); see also Reyes v. United States, 417 F.2d 916, 919 (9th Cir. 1969);

27    Johnson v. United States, 404 F.2d 1069 (9th Cir. 1968); Wood v. United States, 405 F.2d 423 (9th
Cir. 1968);  Huerta v. United States, 322 F.2d 1 (9th Cir. 1963).

28                                  07CR2974-BEN

1    with respect to post-<u>Miranda</u> statements.

2        **1.    <u>Defendant's Pre-Arrest Statements Are Admissible</u>**

3        When a person has been deprived of his freedom of action in a significant way, Government

4    agents must administer <u>Miranda</u> warnings prior to questioning the person. <u>Miranda v. Arizona</u>, 384 U.S.

5    436 (1966). Such a requirement, however, has two components: (1) custody, and (2) interrogation. <u>Id.</u>

6    at 477-78. Defendant's initial statements to Agents Carr and Garcia are admissible because Defendant

7    was not in custody.

8        Under these circumstances, Agents Carr and Garcia acted reasonably in questioning Defendant

9    as to his citizenship. An officer may question individuals reasonably detained near the border about

10   their citizenship and immigration status, and he may ask them to explain suspicious circumstances. <u>See</u>

11   <u>United States v. Cervantes-Flores</u>, 421 F.3d 825, 830 (9th Cir. 2005). Even where a defendant is

12   handcuffed, this line of questioning does not constitute custodial interrogation. <u>Id.</u>

13       Here, Agents Carr and Garcia approached a group of approximately 10 individuals who had just

14   crossed over the international boundary fence west of the Tecate, California Port of Entry. As they

15   approached, the 10 individuals attempted to flee back towards Mexico. The agents, however, were able

16   to apprehend Defendant and one other individual. The agents then conducted field immigration

17   interviews with both men individually. Under these circumstances, the agents reasonably questioned

18   the Defendant as to his citizenship and immigration status. This questioning was not custodial. <u>Miranda</u>

19   does not apply and the statements are admissible.

20       **2.    <u>Defendant's Post-Arrest Statements Were Voluntary</u>**

21       Defendant was arrested at approximately 7:37 a.m. on August 27, 2007. Later that morning, at

22   approximately 9:27 a.m., Defendant was informed of his <u>Miranda</u> rights. As noted above, Defendant

23   invoked his right to counsel and no further questions were asked. Therefore, Defendant's suppression

24   motion is moot as to his post-arrest statements.

25       **3.    <u>Defendant Has Not Shown That an Evidentiary Hearing is Necessary</u>**

26       Defendant states that the Court must "make a factual determination," (Def.'s Mot. 10,) regarding

27   the voluntariness of his statements. To the extent that Defendant requests that an evidentiary hearing

28                                                                       07CR2974-BEN

1    be held, the Court can and should deny Defendant's motion to suppress without a hearing.

2        There is no need for an evidentiary hearing in this matter. First, as discussed above, the agents

3    acted reasonably and lawfully in conducting a field interview of Defendant as to his citizenship and

4    immigration status. Miranda has no application to such a field interview.

5        Second, Defendant invoked his right to counsel following his arrest and no statements were

6    made. Therefore, there are no post-arrest statements to suppress.

7        Additionally, under Ninth Circuit and Southern District precedent, as well as Southern District

8    Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to

9    suppress only when the defendant adduces specific facts as set forth in a declaration sufficient to require

10   the granting of Defendant's motion. United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989)

11   (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's

12   proffer, . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-

13   Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn

14   allegations was insufficient to require evidentiary hearing on defendant's motion to suppress

15   statements); Crim. L.R. 47.1.

16       Requiring a declaration from a defendant in no way compromises defendant's constitutional

17   rights, as declarations in support of a motion to suppress cannot be used by the government at trial over

18   a defendant's objection. Batiste, 868 F.2d at 1092 (proper to require declaration in support of Fourth

19   Amendment motion to suppress); Moran-Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth

20   Amendment motion to suppress). Furthermore, a defendant can not reasonably claim that he has less

21   information than the government, and therefore should be excused from providing proof to support a

22   motion. Batiste, 868 F.2d at 1092. A defendant knows as well as anyone the facts that transpired at the

23   time of his arrest and interrogation.

24       Here, Defendant has failed to support his allegations with a declaration, in clear violation of

25   Local Rule 47.1(g). Defendant's allegation of a Miranda violation is mere boilerplate language, as

26   evidenced by the fact that Defendant invoked his right to counsel and refused to answer any questions

27   following his arrest. Thus, Defendant fails to demonstrate there is a disputed factual issue requiring an

28                                                                                  07CR2974-BEN

1  evidentiary hearing.  See United States v. Howell, 231 F.3d 616, 620-23 (9th Cir. 2000) (holding that

2  "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts

3  with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested

4  issues of fact exist").  As such, this Court should deny Defendant's motion to suppress and find that

5  Defendant's field statements are admissible.

6  **E.    DEFENDANT'S MOTION FOR DISCOVERY SHOULD BE DENIED EXCEPT AS PROVIDED BELOW**

7

8          The Government has and will continue to fully comply with its discovery obligations.  To date,

9  the Government has produced 50 pages of written discovery and one dvd.  The discovery includes, inter

10  alia: (1) reports generated at the time of arrest; (2) relevant immigration documents; (3) Defendant's rap

11  sheet; and (4) a dvd of Defendant's post-arrest interview.

         **1.    Statements of Defendants**

12          The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) by

13  providing defendant statements.

14          **2.    Arrest Reports, Notes, Dispatch Tapes**

15          The Government has provided Defendant with incident and arrest reports.  Defendants are not

16  entitled to rough notes generally because they are not "statements" within the meaning of the Jencks Act

17  unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been

18  approved or adopted by the witness.  United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992);

19  United States v. Spencer, 618 F.2d  605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932

20  (9th Cir. 1981).  However, the Government does not object to the preservation of rough notes, if any

21  exist.

22          **3.    Brady Material**

23          The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963)

24  in providing information material to guilt or punishment.

25          **4.    Information That May Result in a Lower Sentence**

26          The Government is not aware of any such information.

27

28                                                                                          07CR2974-BEN

                                                    12

**5.    Prior Criminal Record**

The Government has provided Defendant with his known criminal record.

**6.    Federal Rules of Evidence 404(b) and 609**

The Government has and will disclose the existence of any Rule 404(b) or 609 evidence, if any, prior to trial.    The Government will continue to comply with its discovery obligations regarding defendant's prior arrests.   Defendant is not generally entitled to "TECS" records.

**7.    Evidence Seized**

The Government will comply with Federal Rule of Criminal Procedure 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendants.

The Government, however need not produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**8.    Preservation of Evidence**

The Government will preserve the evidence in this case.

**9.    Henthorn Information**

The United States will comply with the requirements of United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  The prosecutor assigned to the case, however, is under no obligation to personally examine the personnel files of testifying agents.  See United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992).

**10.    Tangible Evidence**

The Government will comply with Fed.R.Crim.P. 16(a)(1)(E) in providing Defendant an opportunity to inspect and copy the evidence.

**11.    Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) pertaining to expert witnesses.

//

07CR2974-BEN

13

1      **12.     Impeachment Evidence**

2          As noted above, the Government will comply with its obligations under <u>Brady v. Maryland</u>, 373

3   U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

4          However, under <u>Brady</u>, and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), the Government must

5   only disclose <u>exculpatory</u> evidence <u>within</u> <u>its</u> <u>possession</u> that is <u>material</u> to the issue of guilt or

6   punishment.  <u>See also</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774 (9th Cir. 1980). Defendants are not

7   entitled to <u>all</u> evidence  which is or may be favorable to the accused or which pertains to the credibility

8   of the Government's case.  <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th Cir. 1980).

9          Defendant requests the Government provide the criminal record of witnesses the Government

10   intends to call and any information relating to a criminal investigation of a witness.  Although the

11   Government will provide conviction records, if any, which could be used to impeach a witness, the

12   Government is under no obligation to turn over the criminal records of all witnesses.  <u>United States v.</u>

13   <u>Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert</u>. <u>denied</u>, 429 U.S. 1074 (1977).  When disclosing such

14   information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief.

15   <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305,

16   1309 (9th Cir. 1979).

17          The Government will turn over evidence within its possession which could be used to properly

18   impeach a witness who has been called to testify.  Defendants are not entitled, however, to any and all

19   evidence that a prospective witness is under investigation by federal, state or local authorities for

20   misconduct.

21      **13.     Evidence of Criminal Investigation of Any Government Witness**

22          Defendant cites no authority in this Circuit or under the Federal Rules for this request.

23      **14.     Evidence of Bias or Motive to Lie**

24          As stated above, the Government will comply with its obligations under <u>Brady</u> and <u>Giglio</u>.  The

25   Government knows of no bias, prejudice or other motivation to testify falsely or impairments of its

26   witnesses, but will make appropriate disclosures if such information should become known.  <u>See</u> <u>Napue</u>

27   <u>v. Illinois</u>, 360 U.S. 264 (1959); <u>Mooney v. Holohan</u>, 294 U.S. 103 (1935).

28                                                                                      07CR2974-BEN

                                        14

1        **15.    Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

2        The Government will turn over evidence within its possession which could be used to properly

3   impeach a witness who has been called to testify.

4        **16.    Jencks Act Material**

5        The Government will comply with its obligations pursuant to the Jencks Act.

6        **17.    Giglio Material**

7        The Government will comply with its obligations pursuant to Giglio, 405 U.S. 150.

8        **18.    Agreements Between the Government and Witnesses**

9        Counsel for the Government is unaware of any such agreements.

10       **19.    Informants/Cooperating Witnesses**

11       Counsel for the Government is unaware of any informant or cooperating witness in this case.

12       **20.    Bias by Informants/Cooperating Witnesses**

13       Counsel for the Government is unaware of any informants or cooperating witnesses.    **21.**

14       **A-File Review**

15       The Government has communicated to counsel for Defendant that his A-File is available for

16   review.

17   **F.    THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS, SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

18

19       The Government does not object to the granting of leave to file further motions as long as the

20   order applies equally to both parties and any additional defense motions are based on newly discovered

21   evidence or discovery provided by the Government subsequent to the instant motion.  The Government

22   notes, however, that undersigned counsel has not consented to the filing of any specific motion by

23   Defendant beyond what is stated above, despite such an assertion in Defendant's motion.  (See Def.'s

24   Mot. 15.)

25

26

27

28                                                              07CR2974-BEN

                                       15

1

**VI**

2

**<u>CONCLUSION</u>**

3      For the foregoing reasons, the United States requests that the Court deny Defendant's motions,

4   except where unopposed.

5      DATED: November 26, 2007        Respectfully submitted,

6
                                      KAREN P. HEWITT
7                                     United States Attorney

8                                     /s/ Peter J. Mazza

9                                     _____
                                      PETER J. MAZZA
10                                    Assistant United States Attorney
                                      Attorneys for Plaintiff
11                                    United States of America
                                      Email: peter.mazza@usdoj.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                              07CR2974-BEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR2974-BEN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| SERGIO IVAN | ) | |
| GARCIA-ORELLANA (T/N) | ) | |
| aka Sergio Herrera, | ) | |
| | ) | |
| Defendant. | ) | |
|_____| ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. John Ellis, Esq., Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2007.


/s/ Peter J. Mazza
PETER J. MAZZA

07CR2974-BEN

17